**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Theodore Joseph Pauley, | ) | No. CIV 10-390-TUC-AWT (GEE) |
| Petitioner, | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Charles L. Ryan; et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

Pending before the court is an amended petition for writ of habeas corpus filed on September 27, 2010, by the petitioner, Theodore Joseph Pauley, an inmate confined in the Arizona State Prison Complex in Tucson, Arizona.  (Doc. 6)

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Edmonds for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition.  It is time-barred.


Summary of the Case

Pauley was convicted after a jury trial of "four counts of child molestation, one count of attempted sexual conduct with a person under 15, and two counts of public sexual indecency." (Respondents' answer, Exhibit A, pp. 1-2.)  The trial court sentenced Pauley to "consecutive prison terms of 17 years and 10 years on two of the courts, followed by consecutive terms of

1   35 years to life on two other counts, followed by concurrent six-year terms on additional counts,
2   to be served consecutively to the prior sentences, followed finally by a consecutive term of 35
3   years to life on the final count." (Respondents' answer, p. 3.)

4       Pauley filed a timely notice of direct appeal, but it was stayed when Pauley filed a
5   petition for post-conviction relief alleging ineffective assistance of trial counsel. *Id.* The trial
6   court denied the petition and subsequent motion for reconsideration. *Id.* When Pauley filed a
7   petition for review, the court of appeals combined his petition for review with his direct appeal.
8   *Id.*

9       In his direct appeal, Pauley argued the trial court erred by admitting his statement and
10  precluding certain exculpatory evidence. *Id.* The court of appeals affirmed his convictions and
11  sentences and denied the petition for review on March 18, 1993. (Respondents' answer, Exhibit
12  A.) The Arizona Supreme Court denied review on December 17, 1993. (Respondents' answer,
13  p. 3.)

14      In November of 1995, Pauley filed a second notice of post-conviction relief citing a
15  recent change[1] in the law. *Id.* In March of 1996, Pauley sent a letter to the court inquiring about
16  the status of his case. *Id.* Three years later, he filed a petition for the production of documents.
17  *Id.*, pp. 3-4. On April 5, 1999, the trial court granted the petition and ordered that a transcript
18  of the sentencing be prepared and sent to Pauley by May 17, 1999. (Respondents' answer,
19  Exhibit S.) There are no further filings in the record relating to this post-conviction proceeding.
20  (Respondents' answer, p. 4.)

21      On June 25, 2010, Pauley filed in this court a petition for writ of habeas corpus pursuant
22  to 28 U.S.C. § 2254. He filed an amended petition on September 27, 2010. He claims: (1) "The
23  State violated the Double Jeopardy Clause . . . by charging Petitioner with multiple counts for
24  the same offense"; (2) "The trial court erred in barring the testimony of a defense witness"; (3)

25  _____

26      [1] Pauley included as an exhibit a copy of the case, *State v. Killean*, 184 Ariz. 164, 907 P.2d 550
27  (App. 1995). He underlined and starred a passage that reads as follows: "We therefore hold that a
    criminal defendant's vital evidence can be precluded as a sanction for a discovery violation only where
    the conduct of defense counsel and/or the defendant constitutes bad faith or willful misconduct." *Id.*
28  at 561, 175. This opinion was later overruled by *State v. Killean*, 185 Ariz. 270, 915 P.2d 1225 (1996).

1  "Trial counsel was ineffective by submitting into evidence an illegible copy of victim's

2  statement"; and (4) "The trial court committed reversible error by admitting Petitioner's

3  statement into evidence."

4       On January 26, 2011, the respondents filed an answer arguing among other things that

5  the petition is time-barred.  Pauley filed a reply on March 10, 2011.

6

7  <u>Discussion</u>

8       The writ of habeas corpus affords relief to persons in custody in violation of the

9  Constitution or laws or treaties of the United States.  28 U.S.C. § 2241.  A one-year limitation

10  period applies to persons in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d).

11  The statute reads in pertinent part as follows:

12     (1)   A 1-year period of limitation shall apply to an application for a writ of
          habeas corpus by a person in custody pursuant to the judgment of a State

13            court.  The limitation period shall run from the latest of--

14          (A)   the date on which the judgment became final by the conclusion of
              direct review or the expiration of the time for seeking such review;

15

16          (B)   the date on which the impediment to filing an application created
              by State action in violation of the Constitution or laws of the
              United States is removed, if the applicant was prevented from filing

17                by such State action;

18          (C)   the date on which the constitutional right asserted was initially
              recognized by the Supreme Court, if the right has been newly

19                recognized by the Supreme Court and made retroactively
              applicable to cases on collateral review; or

20

21          (D)   the date on which the factual predicate of the claim or claims
              presented could have been discovered through the exercise of due

22                diligence.

23     (2)   The time during which a properly filed application for State
          post-conviction or other collateral review with respect to the pertinent

24            judgment or claim is pending shall not be counted toward any period of
          limitation under this subsection.

25  28 U.S.C. § 2244(d).

26       The limitation period for all of Pauley's claims was triggered on "the date on which the

27  judgment became final by the conclusion of direct review or the expiration of the time for

28

1   seeking such review."   28 U.S.C. § 2244(d)(1)(A).   Pauley's direct appeal was denied on

2   March 18, 1993.  (Respondents' answer, Exhibit A.)  The Arizona Supreme Court denied

3   review on December 17, 1993.  (Respondents' answer, p. 3.)  Pauley then had 90 days to

4   petition the U.S. Supreme Court for review.  Sup. Ct. R. 13.  When he did not do so, his

5   judgment became final on March 17, 1994. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

6   The limitation period did not begin to run immediately, however, because the limitation

7   statute did not become effective until April 24, 1996. *See Bryant v. Arizona Attorney General*,

8   499 F.3d 1056, 1058 (9th Cir. 2007).  Ordinarily, the one-year period would begin running the

9   next day, but Pauley's second post-conviction relief proceeding was pending at this time. *See*

10  28 U.S.C. § 2244(d)(2).

11  On November 27, 1995, Pauley filed his second notice of post-conviction relief.

12  (Respondents' answer, Exhibit O.)  The filing of a notice of post-conviction relief starts the

13  statutory tolling period allowed by § 2244(d)(2). *Hemmerle v. Schriro*, 495 F.3d 1069, 1074

14  (9th Cir. 2007).    The tolling period, however, only lasts as long as the post-conviction

15  application is "pending."   In this case, it is necessary to determine when (or whether) this

16  application ceased to be "pending."  This determination is somewhat problematic because the

17  trial court never issued an order formally ending the post-conviction relief proceeding.

18  The post-conviction relief procedure in Arizona begins with the filing of a notice of post-

19  conviction relief. *See* Ariz.R.Crim.Pro. 32.4.  After the notice is filed, however, it is incumbent

20  on the petitioner to file a formal petition. *Id.*; *see also Hemmerle*, 495 F.3d at 1076 ("[I]n

21  Arizona, the framework for collateral review requires the filing of a preliminary notice to begin

22  the proceedings; it also presupposes that an actual petition will be forthcoming.").   Normally,

23  the petition is filed within 60 days of the filing of the notice.  Ariz.R.Crim.Pro. 32.4(c).  This

24  60-day period, however, is tolled while transcripts are being prepared.  Ariz.R.Crim.Pro.

25  32.4(d).

26

27

28

Here, Pauley filed his notice[2] for post-conviction relief in November of 1995. (Respondents' answer, p. 3.)  He did not follow up by filing a petition, but in 1999, he filed a petition for transcripts.  *Id.*, pp. 3-4.  This petition was granted, and the court ordered transcripts prepared and sent to him by May 17, 1999.  (Respondents' answer, Exhibit S.)  For reasons unknown, Pauley never filed the actual petition.

This court concludes that Pauley's second post-conviction relief proceeding began in November of 1995 and ended sometime after May 17, 1999, when he should have received his transcripts.  Pauley never followed up by filing his petition as contemplated by the rules.  Accordingly, the court finds that Pauley abandoned the proceedings, either consciously or through negligence.  At this point, Pauley was no longer pursuing his post-conviction relief remedies.  Nothing was "pending" for the purposes of § 2244(d)(2), and the one-year limitation period began to run.

It is difficult to say precisely when this happened.  Fortunately, the court need not set a specific date.  It is sufficient to find that the limitation period began to run and expired some time in the intervening ten-year period before the instant action was filed.  The court concludes the instant petition is time-barred.  *See, e.g., Gibson v. Klinger*, 232 F.3d 799, 807 (10th Cir. 2000) (Petitioner's first application for leave to appeal out of time did not toll the limitation period because he chose to abandon it and file a second such application.); *Madison v. Sloan*, 2010 WL 4814676, *4 (D.Colo. 2010)  ("The Court finds as a matter of federal law that the motion for presentence confinement was abandoned, and therefore no longer "pending," sometime prior to September 2, 2006 . . . .).

In his amended petition, Pauley asserts that his petition is not time-barred because there have been "significant changes in the law." (Amended petition, p. 11).  Pauley is correct in noting that the limitation statute makes allowances for rights "newly recognized by the Supreme

---

[2]  On November 27, 1995, Pauley filed papers labeled "Notice of Post-Conviction Relief" and "Petition for Post-Conviction Relief."  (Respondents' answer, Exhibit O.)  The court concludes this filing was only a notice, however, because Pauley subsequently requested counsel and transcripts presumably for the purpose of preparing his ultimate petition.  Pauley, himself, subsequently referred to this filing as his "Notice of Post-Conviction Relief."  (Respondents' answer, Exhibit P.)

1   Court and made retroactively applicable to cases on collateral review."   28 U.S.C. §
2   2244(d)(1)(C).

3         In this case, however, Pauley does not identify what changes in the law have occurred,
4   whether they are recognized by the Supreme Court, and whether they have been made
5   retroactively applicable on collateral review.  Accordingly, the court is unable to conclude that
6   § 2244(d)(1)(C) applies to the instant case.

7

8         RECOMMENDATION

9         The Magistrate Judge recommends that the District Court, after its independent review
10  of the record, enter an order DISMISSING the Petition for Writ of Habeas Corpus.  (Doc. 6)
11  It is time-barred.

12        Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within
13  14 days of being served with a copy of this report and recommendation.  If objections are not
14  timely filed, they may be deemed waived.

15        The Clerk is directed to send a copy of this report and recommendation to the petitioner
16  and the respondents.

17        DATED this 31st day of March, 2011.

18

19

20                                    Glenda E. Edmonds
21                                    United States Magistrate Judge

22

23

24

25

26

27

28