**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theodore Joseph Pauley,<br><br>   Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et al.,<br><br>   Respondents. | No. CIV 10-390-TUC-AWT (LAB)<br><br>**REPORT AND<br>RECOMMENDATION** |

  Pending before the court is an amended petition for writ of habeas corpus filed on September 27, 2010, by Theodore Joseph Pauley, an inmate confined in the Arizona State Prison Complex in Florence, Arizona. (Doc. 6)

  Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Bowman for report and recommendation.

  The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the petition. Trial counsel was not ineffective for failing to discovery exculpatory evidence.

Summary of the Case

  Pauley was convicted after a jury trial of "four counts of child molestation, one count of attempted sexual conduct with a person under 15, and two counts of public sexual indecency." (Respondents' answer, Exhibit A, pp. 1-2.); (Doc. 12-1, pp. 2-3) The trial court sentenced

Pauley to "consecutive prison terms of 17 years and 10 years on two of the courts, followed by consecutive terms of 35 years to life on two other counts, followed by concurrent six-year terms on additional counts, to be served consecutively to the prior sentences, followed finally by a consecutive term of 35 years to life on the final count." (Respondents' answer, p. 3.); (Doc. 12-1, p. 3)

Pauley filed a timely notice of direct appeal, but it was stayed when Pauley filed a petition for post-conviction relief alleging ineffective assistance of trial counsel. (Respondents' answer, p. 3.) The trial court denied the petition and subsequent motion for reconsideration. *Id.* When Pauley filed a petition for review, the court of appeals combined his petition with his direct appeal. *Id.*; (Doc. 12-1, p. 43)

In his combined appeal, Pauley argued (1) the trial court erred by admitting his statement at trial because it was hearsay, (2) the trial court erred by precluding exculpatory evidence offered the last day of trial, and (3) trial counsel was ineffective for failing to discover the exculpatory evidence earlier. (Respondents' answer, Exhibit J); (Doc. 12-2) The court of appeals affirmed his convictions and sentences and denied the petition for review on March 18, 1993. (Respondents' answer, Exhibit A.); (Doc. 12-1) The Arizona Supreme Court denied review on December 17, 1993. (Respondents' answer, p. 3.)

In November of 1995, Pauley filed a second notice of post-conviction relief citing a recent change[1] in the law. (Respondents' answer, p. 3.) In March of 1996, Pauley sent a letter to the court inquiring about the status of his case. *Id.* Three years later, he filed a petition for the production of documents. *Id.*, pp. 3-4. On April 5, 1999, the trial court granted the petition and ordered that a transcript of the sentencing be prepared and sent to Pauley by May 17, 1999. (Respondents' answer, Exhibit S.) There are no further filings in the record relating to this post-conviction proceeding. (Respondents' answer, p. 4.)

---

[1] Pauley included as an exhibit a copy of the case, *State v. Killean*, 184 Ariz. 164, 907 P.2d 550 (App. 1995). He underlined and starred a passage that reads as follows: "We therefore hold that a criminal defendant's vital evidence can be precluded as a sanction for a discovery violation only where the conduct of defense counsel and/or the defendant constitutes bad faith or willful misconduct." *Id.* at 561, 175. This opinion was later overruled by *State v. Killean*, 185 Ariz. 270, 915 P.2d 1225 (1996).

On June 25, 2010, Pauley filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed an amended petition on September 27, 2010. He claims: (1) "The State violated the Double Jeopardy Clause . . . by charging Petitioner with multiple counts for the same offense"; (2) "The trial court erred in barring the testimony of a defense witness"; (3) "Trial counsel was ineffective by submitting into evidence an illegible copy of victim's statement thus preventing Petitioner from having a fair trial"; and (4) "The trial court committed reversible error by admitting Petitioner's statement into evidence." (Doc. 6)

On January 26, 2011, the respondents filed an answer arguing the petition is time-barred. (Doc. 12) They further argue Claims 1 and 2 are procedurally defaulted and Claim 4 is not cognizable. (Doc. 12) Pauley filed a reply on March 10, 2011. (Doc. 13)

On March 31, 2011, Magistrate Judge Edmonds, to whom the case was referred, issued a report and recommendation concluding the petition should be dismissed as time-barred. (Doc. 14) The District Court did not adopt the recommendation and referred the case for further proceedings. (Doc. 21) On January 22, 2013, the case was referred to Magistrate Judge Bowman. (Doc. 22)

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The petitioner must shoulder an additional burden if the state court considered the issues and made findings of fact.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of

> a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254 (e)(1).

A decision is "contrary to" Supreme Court precedent if the "state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior Court of California ex rel. County of Los Angeles,* 329 F.3d 683, 687 (9th Cir. 2003). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of [the] case in a way that was not only incorrect or clearly erroneous, but objectively unreasonable." *Id.* If the state court denied on the merits but did not explain its reasoning, this court must independently review the record to determine whether the state court clearly erred in its application of Supreme Court law. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002), *cert. denied*, 539 U.S. 916 (2003). If the highest state court failed to explain its decision, this court looks to the last reasoned state court decision. *See Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004).

Federal habeas review is limited to those issues that have been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A). This rule permits the states "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal punctuation removed).

To be properly exhausted, the federal claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* "The state courts have been given a sufficient opportunity to hear an issue

- 4 -

when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and ordinarily should be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.*

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998).

Discussion: Double Jeopardy

Pauley argues in Claim 1 that "the state violated the Double Jeopardy Clause of the Fifth Amendment by charging Petitioner with multiple counts for the same offense and by imposing multiple criminal punishments." (Doc. 6, p. 6) The respondents argue this claim is procedurally defaulted. They are correct.

This claim was never presented to the Arizona Court of Appeals. It was not properly exhausted. Moreover, Pauley cannot return to state court and litigate the issue now because he is precluded from raising it in a new Rule 32 petition. Ariz.R.Crim.P. 32.2. His claim is procedurally defaulted. *See Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Pauley does not argue cause and prejudice in his reply brief. (Doc. 13) Accordingly, this claim should be denied.

In the alternative, the claim should be denied because it contains only conclusory allegations without providing specific facts indicating that Pauley is entitled to relief. Pauley's factual basis for this claim reads in its entirety as follows:

> Petitioner was charged with multiple counts involving child molestation and sexual conduct with a minor. Two of those charges were said to have occurred on January 13, 1990, while the remaining counts were said to have occurred on July 27, 1990. After a guilty verdict, Petition was sentenced to multiple consecutive sentences.

(Doc. 6, p. 6) Pauley's skeletal outline of the charges against him fails to inform the court of the specific nature of the claim and fails to provide a showing that he is entitled to relief. *See* Rule 2(c) of the Rules Governing Section 2254 Cases. The claim should be denied. *See Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) ("[Petitioner's] cursory and vague claim cannot support habeas relief."); *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) ("It is well-settled that conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.") (punctuation modified), *cert. denied*, 517 U.S. 1143 (1996).

Discussion:  Preclusion of Late Disclosed Witness

In Claim 2, Pauley argues "the trial court erred when it precluded him from presenting the testimony of the purported custodian of records of his apartment complex where [he] was

alleged to be living at the time of the offenses." (Doc. 12-1, p. 4) The respondents argue this claim was not properly exhausted and is now procedurally defaulted. The court agrees.

During the trial, one of the victims testified that the alleged offense took place in a certain apartment. (Doc. 12-1, p. 5) Pauley then told his counsel that he did not live at that apartment until later in the year. *Id.* Counsel explained to the trial court that until that moment, he was unaware of the issue because his copy of the victim's statement was partially illegible. *Id.*

Counsel asked the trial court for permission to present testimony that Pauley had not entered into a lease for the apartment until March 10, 1990, approximately two months after the alleged offense occurred. *Id.* The trial court nevertheless precluded the testimony finding that counsel's copy of the victim's statement was clear enough to enable him to discover the issue and disclose the witness before the last day of the trial. *Id.*

Pauley raised this issue in his direct appeal. (Doc. 12-2, p. 19) The respondents, however, argue that he failed to alert the court of appeals of the federal nature of his claim. Accordingly, it was not properly exhausted and is now procedurally defaulted. The court agrees.

In his direct appeal, Pauley argued that by precluding the exculpatory testimony, "[t]he court denied [him] his constitutional right to present evidence in his own defense." (Doc. 12-2, p. 19) He framed the issue, however, exclusively in terms of state law arguing the trial court's harsh sanction of preclusion was error pursuant to Ariz.R.Crim.P. 15.7. *Id.* He cited two cases that construed the state rule – *State v. Fisher*, 141 Ariz. 227, 247 (1984) and *State v. Smith*, 140 Ariz. 355, 359 (1984). *Id.*

Pauley's single reference to his "constitutional right to present evidence in his own defense" without presenting any federal legal theory or federal case law failed to put the state on notice that he was raising a federal claim. Accordingly, he did not properly exhaust this claim. *See, e.g., Castillo v. McFadden,* 399 F.3d 993, 1000-01 (9th Cir. 2005) (The petitioner did not make the federal nature of his claim explicit where he referred to a "fair trial" and the "United States Constitution" but focused his argument on state evidentiary rules.); *Johnson v.*

*Zenon*, 88 F.3d 828, 830-31 (9th Cir. 1996) (The petitioner did not make the federal nature of his claim explicit where he stated the trial court's error "infringed on his right to present a defense and receive a fair trial" but limited his arguments to state evidentiary law.). Moreover, Pauley cannot return to state court and litigate the issue now because he is precluded from raising it in a new Rule 32 petition. Ariz.R.Crim.P. 32.2. His claim is procedurally defaulted. *See Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Pauley does not argue cause and prejudice in his reply brief. (Doc. 13) Accordingly, this claim should be denied. In the alternative, the court finds the claim should be denied on the merits.

"The Sixth Amendment to the Constitution guarantees the right of a criminal defendant to have a public trial, to confront the witnesses against him and to obtain witnesses in his favor." *Lunbery v. Hornbeak*, 605 F.3d 754, 760 (9th Cir. 2010), *cert. denied*, 131 S.Ct. 798 (2010). "These guarantees are incorporated by the due process clause of the Fourteenth Amendment, binding the states." *Id*. "Due process [also] includes a right to a meaningful opportunity to present a complete defense." *Id*. (punctuation modified). On habeas review, however, relief is available only if "the error had substantial and injurious effect or influence in determining the jury's verdict." *Cudjo v. Ayers*, 698 F.3d 752, 768 (9th Cir. 2012), *cert. denied*, 133 S.Ct. 2735 (2013).

Pauley argues the trial court erred by precluding him from introducing testimony that he did not sign a lease on his apartment until March 10, 1990, which was approximately two months after the offense allegedly occurred there. *Id*. The court of appeals, however, concluded that even if there had been error, it did not affect the outcome of the case. (Doc. 12-1, pp. 5-6)

The precluded witness would have testified that Pauley did not sign a lease until March, but he could not testify whether or not Pauley had been living there earlier. *Id*. "The witness had no knowledge of who was, in fact, living in the apartment at that time." (Doc. 12-1, p. 6) Pauley has never produced evidence that he was living somewhere else during that time. *Id*. Accordingly, it is possible that he was living in the apartment earlier, but sharing it with someone else whose name was on the lease. Finally, the victim's mother testified that Pauley

was indeed living in that apartment in January when the crimes took place. *Id.* The decision of the court of appeals, that the alleged error did not affect the outcome of the trial, was not unreasonable. (Doc. 12-1, p. 6) Habeas relief therefore is not available for this claim.

<u>Discussion: Trial Counsel's Failure to Discover the Apartment Lease Issue</u>

In Count 3, Pauley argues trial counsel was ineffective because he did not try to obtain a legible copy of the victim's statement. (Doc. 6, p. 8) If he had, Pauley argues, he would have discovered the lease issue in time to properly disclose his witness. *Id.* The respondents concede this claim was properly presented to the court of appeals, but they argue it may be denied on the merits. (Doc. 12, p. 13) The court agrees.

"The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel." *Luna v. Cambra*, 306 F.3d 954, 961(9th Cir. 2002), reissued as amended, 311 F.3d 928 (9th Cir. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668 (1984)). Habeas relief, however, is available only if "counsel's performance was deficient" and the "deficient performance prejudiced the defense." *Id.* To show prejudice, the petitioner "must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If the petitioner challenges his conviction, he must show "there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt." *Id.*

"Judicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.*

(internal citation omitted). On habeas review, this court's analysis of the state court's decision denying the claim is "doubly deferential." *Cullen v. Pinholster*, __ U.S. __, __, 131 S.Ct. 1388, 1403 (2011).

Pauley argues counsel was ineffective for failing to discover the apartment issue in a timely manner. Assuming counsel's performance was deficient, Pauley cannot establish prejudice. He therefore cannot prove counsel was ineffective.

If counsel had discovered the issue earlier, Pauley would have offered at trial the testimony of the apartment custodian of records, who could have testified that Pauley did not sign a lease on the apartment until March, two months after the alleged offense. (Doc. 12-1, pp. 5-6) He could not testify, however, whether or not Pauley had been living there earlier. *Id*. "The witness had no knowledge of who was, in fact, living in the apartment at that time." (Doc. 12-1, p. 6); *see also* (Doc. 12-9, p. 12) ("I don't know if he might have been residing with a friend or something prior to that."). Pauley has never produced evidence that he was living somewhere else during that time. (Doc. 12-1, p. 6) Accordingly, it is possible that he was living in the apartment earlier, but sharing it with someone else whose name was on the lease. Finally, the victim's mother testified that Pauley was indeed living in that apartment in January when the crimes took place. *Id*. The court of appeals concluded that even if counsel's performance was deficient, Pauley could not show that absent the deficient performance, "there was a reasonable probability that the outcome of the case would have been different." *Id*., p. 5. The decision of the court of appeals denying the claim was not unreasonable.

### Discussion: Admission of Petitioner's Taped Statement

In Claim 4, Pauley argues the trial court erred by allowing his statement to police to be admitted into evidence. (Doc. 6, p. 9) He argues this statement was inadmissible hearsay. *Id*. He does not argue that admission of the statement violated federal law. *Id*. The respondents concede this issue was raised on direct appeal, but they argue it is not cognizable in federal habeas corpus. (Doc. 12, pp. 6-7) They are correct.

A petition for writ of habeas corpus is available only to correct errors of federal constitutional law. The erroneous admission of hearsay evidence is an issue of state law that is not cognizable in federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *see also* (Doc. 12-2, pp. 15-16) (arguing on direct appeal that admission of the statement violates Arizona Rule of Evidence 801); *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (The Supreme Court has not clearly established that the admission of irrelevant or overtly prejudicial evidence results in a trial that is fundamentally unfair and therefore habeas corpus relief cannot be granted on this theory.).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Petition for Writ of Habeas Corpus. (Doc. 6)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules allow for a response to an objection. They do not allow for a reply to a response.

DATED this 16th day of December, 2013.

*Leslie A. Bowman*

Leslie A. Bowman
United States Magistrate Judge

- 11 -